O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4345 PSG (SSx) | Date | July 30, 2009 |
|---|---|---|---|
| Title | Darold M. Shirwo v. JP Morgan Chase Bank, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                          Not Present

**Proceedings:**     **(In Chambers) Order Remanding Case**

I.    Background

On May 22, 2009, Darold M. Shirwo ("Plaintiff") commenced this action in the Superior Court of the State of California, County of Los Angeles against Chase Bank USA, N.A. ("Defendant"), erroneously sued as JP Morgan Chase Bank, Inc.  In his complaint, Plaintiff alleges that he entered into a credit card contract with Defendant.  He further alleges that in January of 2000, Defendant charged him an amount of $1,041.58, even though Plaintiff did not incur that charge.  Although Plaintiff disputed that charge, Defendant never erased it from Plaintiff's account.  Consequently, Plaintiff incurred an unstated amount of late fees and finance charges.

In his complaint, Plaintiff asserts six state law causes of action against Defendant.  In connection with his first five causes of action, Plaintiff seeks "general damages in a sum to be determined at the time of trial."  Additionally, in connection with his fifth cause of action, Plaintiff also seeks "punitive damages in an amount of at least $75,000 and to be determined at the time of trial."

On June 17, 2009, Defendant removed this action on the basis of diversity jurisdiction.  However, the Court found the jurisdictional allegations to be defective for two reasons.  First, the notice of removal did not state Defendant's principal place of business.  And, second, the amount in controversy did not appear to exceed $75,000.  In light of these deficiencies, the Court ordered Defendant to show cause in writing no later than July 23, 2009 why this action should not be remanded for the two foregoing reasons.  Defendant, on July 22, 2009, filed its Response

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4345 PSG (SSx) | Date | July 30, 2009 |
|---|---|---|---|
| Title | Darold M. Shirwo v. JP Morgan Chase Bank, Inc. | | |

to the OSC.

II.     Discussion

As the Supreme Court has stated:

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *see also A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Defendant claims that this Court has diversity jurisdiction over this matter. However, this Court can only exercise diversity jurisdiction if there is "complete" diversity between the parties and the amount in controversy requirement is met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Accordingly, as Defendant is the party invoking the Court's jurisdiction, it is up to Defendant to establish these requirements. *Kokkonen*, 511 U.S. at 377.

The Court's OSC drew Defendant's attention to the fact that because the complaint and the Notice of Removal failed to provide information regarding Defendant's principal place of business, this Court was unable to determine whether complete diversity exists in this case. However, as Defendant correctly points out in its response, while a corporation's citizenship ordinarily is determined by reference to its state of incorporation and its principal place of business, *see* 28 U.S.C. § 1332(c), this rule does not apply with respect to national associations like Defendant. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006). Rather, for purposes of diversity jurisdiction, a national association like Defendant is a citizen of only that state in which its articles of association state that its main office is located. *Id.* Here, that state is Delaware. *See Demczak Decl.* ¶ 3. Accordingly, since Defendant is properly considered a citizen of Delaware and since Plaintiff is a citizen of California, *Compl.* ¶ 1, complete diversity exists in this case.

The Court's OSC also drew Defendant's attention to the Court's concern regarding the amount in controversy requirement. In order for diversity jurisdiction to exist, the party invoking the Court's jurisdiction must establish that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a); *Kokkonen*, 511

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4345 PSG (SSx) | Date | July 30, 2009 |
|---|---|---|---|
| Title | Darold M. Shirwo v. JP Morgan Chase Bank, Inc. | | |

U.S. at 377. In its response, Defendant argues that the amount in controversy requirement is met because the complaint alleges the following: (1) "Chase charged Shirwo an amount of $1,041.58 that can not be substantiated by any charges incurred by Shirwo," *Compl.* ¶ 9; (2) monthly charges, *id.* at ¶ 10; (3) adverse impact on Plaintiff's credit, *id.* at ¶ 13; (4) inability to obtain reasonable lines of credit, *id.* at ¶ 31; and (5) at least $75,000 in punitive damages. However, for the reasons that follow, the Court disagrees.

The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). With respect to the amount in controversy requirement, normally this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938). However, a dismissal for lack of jurisdictional amount is proper if it is "legally impossible" for the plaintiff to recover on her damage theories when the case was filed. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). To justify such dismissal, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul*, 303 U.S. at 288-89. Courts may look beyond the pleadings for the limited purpose of determining whether it is legally impossible for a plaintiff to recover the damages alleged. *See Pachinger,* 802 F.2d at 364.

In determining whether the amount in controversy is met, this Court's analysis is confined to those allegations in Plaintiff's complaint that actually state a monetary figure, as Defendant has provided no facts to indicate exactly what damages Plaintiff incurred with respect to the monthly charges, the adverse impact on his credit, and his inability to obtain reasonable lines of credit. *See Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992) (noting that if it is unclear what amount of damages a plaintiff seeks, the defendant bears the burden of actually proving the facts to support jurisdiction). Those figures consist of $1,041.58 in special damages and $75,000 in punitive damages. Now Defendant appears to believe that because Plaintiff seeks $75,000 in punitive damages, the amount in controversy is met. However, in light of certain constitutional limits placed on punitive damages awards, *see State Farm Mut. Auto Ins. v. Campbell*, 538 U.S. 408, 410, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), such does not appear to be the case.

Instructive here is a fairly recent Seventh Circuit case. In *Munro v. Golden Rule Ins. Co.*, the plaintiffs' complaint indicated that they sought $3,885.01 in damages and an additional $3,330.00 in recoverable attorney's fees, for a total of $7,215.01. 393 F.3d 720, 721 (7th Cir. 2004). Both parties in the case relied on a substantial award of punitive damages to put them over the jurisdictional hump. *Id.* However, the Seventh Circuit remained unconvinced that the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4345 PSG (SSx) | Date | July 30, 2009 |
|---|---|---|---|
| Title | Darold M. Shirwo v. JP Morgan Chase Bank, Inc. | | |

amount in controversy exceeded $75,000. *Id.* Citing *State Farm*, 538 U.S. 408, the Seventh Circuit noted that there is a presumption against punitive damages that are a double-digit multiple of the compensatory injury. *Munro*, 393 F.3d at 721-22. In light of that presumption, the court went on to vacate the district court's decision for lack of subject matter jurisdiction with directions to remand the case to state court for lack of subject matter jurisdiction. *Id.* at 722.

The facts in this case are even more egregious than those in *Munro*. There, the amount of non-punitive damages was, at most, $7,215.01, and, at least, $3,885.01. *Id.* at 721. Here, by contrast, the only amount of non-punitive damages that is asserted in the complaint is $1,041.58. In light of the constitutional limits on the punitive damages multiplier in simple economic-loss cases, *see State Farm*, 538 U.S. at 410, it is safe to say that a punitive damages award of $75,000 would likely be unconstitutional. Thus, it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul*, 303 U.S. at 288-289. Accordingly, as Defendant has failed to establish that the amount in controversy requirement is met, the Court finds that it lacks subject matter jurisdiction over this case.

III.     Conclusion

Based on the foregoing, the Court REMANDS this case to state court. All pending matters are thereby rendered moot.

**IT IS SO ORDERED.**